Argued April 2, affirmed July 15, 1964

## SQUIER *v.* SQUIER
### 394 P. 2d 83

*Bruce W. Williams,* Salem, argued the cause for appellant. On the brief were Williams & Skopil, Salem.

*Myron L. Enfield,* Salem, argued the cause for respondent. With him on the brief were Rhoten, Rhoten & Speerstra and George A. Rhoten, Salem.

Before MCALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

McALLISTER, C. J.

■ The decree in this suit awarded plaintiff a divorce, custody of her two children, support for the children, and a property settlement. The defendant appeals. The decisive question is whether the evidence is sufficient to entitle plaintiff to a divorce.

In her complaint plaintiff alleged that defendant treated her in a "cruel and inhuman manner" and inflicted upon her "personal indignities rendering life burdensome" in the following particulars:

"(1) Defendant has cultivated an irritable disposition towards the plaintiff and has subjected plaintiff to unreasonable demonstrations thereof.

"(2) Defendant has stated to the plaintiff that he no longer loves her.

"(3) Defendant has stated to the plaintiff that he does not desire to live with her any longer as husband and wife.

"(4) Defendant constantly complains and criticizes the plaintiff in regard to her manner of accomplishing her household and dairy duties and the plaintiff's manner of dress."

Plaintiff and defendant were married in 1949 and have two daughters, Rita now 12, and Margo now seven years of age. The parties have been separated since September 1962 when the plaintiff left the family home, taking the children with her.

At the time of the marriage plaintiff was employed by the State of Oregon, and continued in that employment until 1958, when she was earning $250.00 per month. During her employment plaintiff contributed her earnings to the family income.

The defendant is described by the trial court as a hard, conscientious worker, who has worked on a farm

most of his adult life. With substantial help from defendant's aunt, the parties, in about 1957, acquired a dairy farm east of Salem, which was sold in 1959. The parties then purchased another dairy farm also near Salem, which they operated until their separation in 1962.

After the plaintiff quit her job with the state she helped her husband with the work on the farm, and both put in long hours of hard work. With the boost from his aunt, their own hard work and help from their parents, the parties prospered and appeared to have a happy, successful marriage. Both attended church regularly, were consistent tithers, and were active in church affairs. However, it appears that about two years or so before their separation a rift developed between the parties, and plaintiff lost her love and affection for the defendant.

Plaintiff testified that the marital discord was the fault of the defendant, who repeatedly criticized her and told her he no longer loved her and that he wanted to be rid of her, and that "it would be his lucky day when he got rid of me." There is little doubt that the marital discord did exist and that it caused plaintiff to become despondent and adversely affected her health. The trial court found that the defendant consistently criticized plaintiff in a manner that had an adverse effect on her. The court further found that although both parties had contributed to the marital discord the parties were not in *pari delicto,* and that plaintiff was entitled to a divorce.

The decision in this case depends entirely on an appraisal of the testimony of the parties. Most of the conduct complained of occurred in the privacy of the home or on the farm and there was virtually no cor-

roborating testimony. In cases of this kind we must of necessity rely heavily on the experienced trial judge, who saw the parties, heard them testify and was in a preferred position to assess their credibility. We have read the record with care and believe the decree of the trial court should be, and it is, affirmed.